UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 20-65** |
| **ASHTON J. RYAN JR. ET AL** | **SECTION "L"(4)** |

### ORDER AND REASONS

Before the Court is Defendant Fred Beebe's Motion to Compel Discovery, R. Doc. 830. The Government has responded in opposition. R. Doc. 838. Having considered the briefing and the applicable law, the Court rules as follows.

I.    BACKGROUND

This case arises from alleged fraudulent bank activity at First NBC Bank ("FNBC" or "the Bank"), the failure of which cost the Federal Deposit Insurance Corporation's deposit insurance fund approximately $996.9 million. On August 5, 2021, a 49-count Second Superseding Indictment ("the Indictment") was entered charging Defendant Beebe and his co-Defendants with conspiracy to commit bank fraud, bank fraud, and false entries in bank records. R. Doc. 318. In relevant part, the Second Superseding Indictment alleges that Bank Officers and borrowers participated in a scheme to defraud the Bank and enrich themselves by lying on loan documents about borrowers' creditworthiness, the purposes of the loans, and the method of repayment. *Id.* at 7. Trial is set to begin in this case on January 9, 2023.

II.    ANALYSIS

Defendant Beebe moves the Court to compel discovery of five categories of evidence. The Court will examine each in turn.

1. **1A Sections of MOI Files**

In discovery, the Government has produced many interviews memorialized in written reports by agents investigating Defendants and their alleged scheme. As part of these interviews, the Government showed documents to the witnesses and obtained answers from them regarding the meaning and import of those documents. Defendant Beebe argues that Defendants are entitled to those documents, memorialized in the "1A" section of the interview memoranda files. The Government does not contest that Defendants are entitled to those documents, but asserts that each 1A section is available in the record already and that it would be duplicative to require the Government to produce them again.

The Court agrees. Defendants are surely entitled to these documents, but the Government has already provided them. The Government is not required to produce those documents as part of the interview memoranda files when they have already been produced elsewhere and are identifiable in the record by Bates number citations. Accordingly, Defendant Beebe's Motion to Compel is denied as to this issue.

2. **Materials Related to Grand Jury Appearances**

a. **Special Agent Bradford Grand Jury Materials – October 4, 2018 Exhibits**

During Special Agent Bradford's testimony before the Grand Jury on October 4, 2018, the Government presented to her a number of materials—slides, charts, transcripts, and a list of subpoenas—that S/A Bradford then discussed or referenced during the course of her testimony. Mr. Beebe argues that Defendants are entitled to these materials because they are part of Bradford's testimony. The Government responds that, while these materials were shown to the Grand Jury, they were not adopted by the witness, so they need not be produced.

The Court agrees with Beebe that these materials should be provided along with the transcript in which they are referenced. The materials in question were exhibited to the Grand Jury and, while not explicitly adopted by Bradford, they were undeniably the subject of her testimony and may well have contributed to the basis upon which Defendants were indicted. Accordingly, Mr. Beebe's Motion to Compel Discovery is granted as to the materials that S/A Bradford discussed during her October 4, 2018 testimony.

    b.  **Prior Investigation into Gregory St. Angelo**

Mr. Beebe asserts that he has not been adequately provided with information regarding a prior investigation into Gregory St. Angelo concerning improper loans related to the failure of the bank. While the Government does not contest that Defendants are entitled to this information, it asserts that it has disclosed all of these records. Mr. Beebe provides no evidence or argument showing that he has not in fact received those records, but asserts that he cannot know what the government is hiding, and thus asks the Court to affirmatively direct the Government to produce all impeachment materials of all witnesses. Though the Court declines to do so in the absence of any evidence to show that it is failing to do so, the Court reminds the Government that it must comply with its discovery obligations, including producing relevant impeachment materials.

    **3.**  ***Jencks* and *Giglio* Materials**

Mr. Beebe asserts that the Government has failed to adequately fulfil its discovery obligations under *Jencks* and *Giglio*. Specifically, he complains that the Government has failed to produce correspondence between itself and the FDIC requesting that the FDIC refrain from further related enforcement actions until the end of the criminal trial, and that it has failed to produce criminal records of Government witnesses. The Government asserts that it has already produced these documents. Mr. Beebe provides no evidence or argument showing that he has not

in fact received those records, but essentially asserts that the Government will maliciously withhold documents to which Defendants are entitled in the absence of a specific court order requiring it to produce them. Again, the Court declines to order that the Government produce what it claims to have already produced in the absence of any evidence to the contrary, but once more reminds the Government that it must immediately comply with all of its discovery obligations if it has not already done so.

### 4. Draft Plea Agreements

Mr. Beebe moves the Court to enter an order directing the Government to produce all drafts of all plea agreements exchanged between the Government and its cooperators in this matter. The Government asserts that it has already produced the final signed plea agreements for each cooperating defendant, and that there is no obligation for it to produce unsigned drafts. The Court agrees. Drafts of plea agreements are inadmissible under Federal Rule of Evidence 408, and the courts which have considered this issue has held that there is no *Brady* or *Giglio* obligation to disclose drafts of plea agreements. *See United States v. Miller*, 250 F.R.D. 588, 593 (D. Kan. 2008) ("Nor is there an obligation under *Brady* or *Giglio* to disclose all drafts or versions of plea agreements, proffer letters or grants of immunity. To the extent defendants seek such, their motion is denied because they are entitled to only the final, operative plea agreement, proffer letter, or immunity agreement."); *United States v. Davis*, No. CR 18-270, 2020 WL 5898783, at *7 (E.D. Pa. Oct. 2, 2020) (same), *aff'd*, No. 21-2795, 2022 WL 7842204 (3d Cir. Oct. 14, 2022); *see also United States v. Santisteban*, 501 F.3d 873, 880 (8th Cir. 2007) (holding that, because the final plea agreement "superseded the antecedent proffer letters . . . we believe the government satisfied its obligations under the Due Process Clause by providing Cruz's plea

agreement to Santisteban.") (citing *United States v. Davis*, 393 F.3d 540, 546 (5th Cir. 2004)). Accordingly, Mr. Beebe's Motion to Compel is denied as to this issue.

**5. Complete Loan Files**

Finally, Mr. Beebe asserts that the Government must disclose the complete files on every loan it intends to discuss during the trial. The Court has already ruled that Defendants are entitled to the full loan files. *See* R. Doc. 736. The Government asserts that it has already produced the full loan files. There is no evidence to show that this is not the case. However, Mr. Beebe points out that the Government has acknowledged that the same loan documents may be located in several different locations in the discovery, and that it would endeavor to use the "best" copy of each as a trial exhibit.

Even though the Government has provided each version of the loan document to Defendants in discovery, Defendants have a right to know which version of each document the Government has identified as the "best" and which it intends to use at trial. Accordingly, Mr. Beebe's Motion to Compel is granted to the extent that the Government must identify which version of each document it intends to present as an exhibit at trial.

**III.   CONCLUSION**

For the foregoing reasons and as explained *supra*, Defendant Beebe's Motion to Compel Discovery is **GRANTED IN PART** and **DENIED IN PART**.

New Orleans, Louisiana, this 13th day of December, 2022.

_____
United States District Judge